# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| v. | Case No. 2:14mc321 |
| TOWN OF COLORADO CITY, ARIZONA, et al., | District Judge Robert J. Shelby |
| Defendants. | Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is the Utah Department of Public Safety, Division of Peace Officer's Standards and Training's ("POST") motion to quash a subpoena issued to Lieutenant Al Acosta ("Lt. Acosta") by Hildale City, Twin City Power, and Twin City Water Authority (collectively, "Hildale Defendants") pursuant to rule 45 of the Federal Rules of Civil Procedure.[2]

The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the

---

[1] *See* docket no. 4.

[2] *See* docket no. 2.

court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

The Hildale Defendants seek to depose Lt. Acosta in Salt Lake City in the matter of *USA v. Town of Colorado, Arizona*, which is now pending before Judge H. Russel in the United States District Court for the District of Arizona, case no. 3:12-cv-8123. The subpoena further requests that Lt. Acosta produce certain documents maintained by POST, including "[a]ll documents regarding Utah POST's decertification's of former members of the Hildale City Marshal's Department, the Marshal Departments refusal to recognize the court ordered authority of Bruce Wisan, and the Marshal Departments refusal to recognize occupancy agreements issued by Wisan."

POST asserts that the records and information sought by the Hildale Defendants have been classified by POST as protected pursuant to the provisions of the Utah Governmental Records and Management Act ("GRAMA"). GRAMA provides that the following records are protected if properly classified by a governmental entity:

> (10) records created or maintained for civil, criminal, or administrative enforcement purposes or audit purposes, or for discipline, licensing, certification, or registration purposes, if release of the records: (a) reasonably could be expected to interfere with investigations undertaken for enforcement, discipline, licensing, certification, or registration purposes; (b) reasonably could be expected to interfere with audits, disciplinary, or enforcement proceedings; (c) would create a danger of depriving a person of a right to a fair trial or impartial hearing.

Utah Code Ann. § 63G-2-305. POST argues that the records and information sought by the Hildale Defendants relate to pending POST disciplinary investigations that have not been fully adjudicated. POST further asserts that releasing this information before it completes its

investigations could interfere with a potential disciplinary proceeding. Thus, POST initially concludes, disclosure of these records would violate GRAMA by requiring the disclosure of a protected or privileged matter.

In response, the Hildale Defendants argue that requiring compliance with the subpoena would not violate GRAMA. Specifically, the Hildale Defendants assert that because the first category of records are related to the decertification of former Hildale City Marshals Officers, their release would not interfere with investigations or disciplinary proceedings or deprive the officers of a fair hearing because the officers have already been decertified and would not be prejudiced by the release of the information.

The Hildale Defendants further assert that the second and third categories documents requested involve the Hildale City Marshal's Officers' refusal to recognize Bruce Wisan's authority and his occupancy agreements. The Hildale Defendants recognize that while documents in this category may have been created or maintained for enforcement, discipline or certification purposes, the release of these records will not interfere with those investigations or deprive any current officers of a fair hearing because Utah Admin. Code R728- 409-13(B) provides that an officer whose POST certification is the subject of an adjudicative proceeding "is entitled to a copy of the materials contained in [POST's] investigative file that [POST] intends to use in the adjudicative proceeding." The Hildale Defendants state that assuming that POST does have documents regarding Hildale City Marshal's Officers refusing to recognize Bruce Wisan's authority or occupancy agreements, such documents would likely be used in any future adjudicative proceeding against the officer, and he would be entitled to them pursuant to this

rule.  Thus, they conclude that releasing these documents at this time would not interfere with these investigations, disciplinary proceedings or hearings, as the officers are entitled to them regardless.

In its reply brief, POST appears to agree with the Hildale Defendants' interpretation of GRAMA with regard to the records requested.  Specifically, POST explains that it cited to Utah GRAMA provisions in its motion because without a court order and protective order in place, POST would be in violation of state law, which it is required to follow.  Thus, POST now asserts that this court should order the records and information to be disclosed and subject to a protective order to ensure POST is compliant with state and federal laws.

Based on the foregoing, the court **DENIES** POST's motion to quash the subpoena and orders the documents to be produced subject to Confidentiality Stipulation and Protective Order already in place in the underlying lawsuit.  The court notes that the records requested are not the result of a criminal investigation; it is pursuant to an administrative matter.  Thus, any documents produced by POST in response to the subpoena are deemed confidential under the Protective Order will be entitled to that protection throughout the litigation.

**IT IS SO ORDERED.**

DATED this 11th day of July, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge